An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSE M. RODRIGUEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63191

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant filed his petition on January 9, 2013, more than thirteen years after entry of the judgment of conviction on August 26, 1999. Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously litigated a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Rodriguez v. State*, Docket No. 38257 (Order of Affirmance, December 7, 2001).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30671

good cause and actual prejudice. *See* NRS 34.726(1). Further, because the State specifically pleaded laches, appellant was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

Appellant argued that he had good cause because he was without the assistance of counsel in the first post-conviction proceedings. This claim is belied by the record, as counsel was retained and filed multiple supplemental petitions on appellant's behalf. To the extent that appellant relied on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), and argued that ineffective assistance of post-conviction counsel excused his procedural defects, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures. *See Brown v. McDaniel*, ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014). Thus, the decision in *Martinez* would not provide good cause for this late and successive petition. Further, appellant failed to overcome the presumption of prejudice to the State pursuant to NRS 34.800(2). We therefore conclude that the district court did not err in denying appellant's petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Stefany Miley, District Judge
Jose M. Rodriguez
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk